IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUST DOGS! BARKERY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-cv-01327-JEO |
| ) | |
| RICHARD PARKER d/b/a ) | |
| WWW.JUSTDOGS.COM, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the court on the plaintiff's "Motion to Waive Jury Trial and Enter an Order on Costs and Attorney's Fees" (doc. 83) and the defendant's opposition thereto (doc. 85).

**BACKGROUND**

This action was commenced upon the plaintiff's filing of a complaint seeking declaratory relief. (Doc. 1). Specifically, the plaintiff requested that the court declare that its use of the subject trademark did not constitute trademark infringement (Count One), dilution (Count Two), or unfair competition under federal or state law (Count Three). (Doc. 1 at pp. 8-10). The defendant filed various counterclaims. (Doc. 19 & 22). The plaintiff then filed an amended complaint adding a tortious interference with business and contractual relations claim (Count Four). (Doc. 35). Thereafter, the parties filed various motions, including motions to strike (doc. 72 & 76) and for summary judgment (doc. 60, 61 & 69). Upon consideration, the court found that the plaintiff's motion for summary judgment on its tortious interference claim (doc. 69) was due to be granted; the defendant's motion for summary judgment on the same claim was due to be denied (doc. 60); and, the plaintiff's motion for summary judgment on the defendant's

counterclaims (doc. 61) was due to be granted.

The court further found that (1) the defendant did not have any legally enforceable trademark rights against the plaintiff with respect to its mark; (2) there was no likelihood of confusion between the plaintiff's trademark and the defendant's trademark; (3) there is no evidence of any cognizable injury to the defendant to support his claims; (4) the defendant is entitled to no monetary or injunctive relief on his counterclaims; (5) the defendant's counterclaims are due to be dismissed with prejudice; (6) the findings in this matter are to be forwarded to the United States Trademark Office and Trademark Trial and Appeal Board for application in the pending proceedings; (7) the case was due to be set for further jury proceedings to determine the amount of damages on the tortious interference claim; and, (8) the case was due to be set to determine the amount of attorney fees and costs.

The plaintiff then filed its motion to waive its right to a jury trial and seeking an order on its claim for costs and attorney's fees. (Doc. 83). Therein, the plaintiff asserts that waiver of its jury trial right to determine the amount of damages on its tortious interference claim promotes judicial economy and allows the parties to "save valuable time and resources which would have been otherwise spent litigating the amount owed." *Id*. at p. 2. The plaintiff further requests that the court enter an order of costs and attorney's fees in the amount of $204,708.29, under 15 U.S.C. § 1117 and FEDERAL RULE OF CIVIL PROCEDURE 11. *Id*. Finally, the plaintiff seeks an order transferring the defendant's domain name (JUSTDOGS.COM) in execution of any judgment. *Id*. In support of its requests, the plaintiff asserts that these actions are necessary because the defendant has filed bankruptcy several times and has failed to make scheduled

payments required by the bankruptcy court.[1] *Id*. at p. 3.

The defendant retorts that the plaintiff is not entitled to recover attorneys fees in this case due to the court's ruling on the motion for summary judgment on his Lanham Act counter-claims. (Doc. 85 at p. 1). Specifically, he asserts that this is not an "exceptional case" entitling the plaintiff to fees under § 1117 and Rule 11. He also opposes the plaintiff's request for an order seeking transfer of the domain name. *Id*. at p. 4. He asserts, *inter alia*, that any such transfer would be premature as the plaintiff's attorney's fees and costs have not been determined. *Id*.

## DISCUSSION

### Jury Trial

The first issue is whether the plaintiff now can waive its jury trial right. The defendant opposes the waiver and requests that the tortious interference damages question be determined by a jury. Because the parties previously requested a jury trial, the defendant has the right to the same at this juncture. Absent agreement by the parties concerning this issue, the damages question will be tried to a jury as scheduled on December 18, 2007.[2]

### Attorney's Fees and Costs

Section 35(a) of the Lanham Act provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "This provision was designed, in part, to protect innocent defendants 'against unfounded suits brought by trademark

---

[1] The plaintiff has filed a memorandum of law in support of its motion. (Doc. 84).

[2] In a telephone status conference on December 11, 2007, the plaintiff requested that the court enter judgment on the loss amount specified in the evidence submitted in support of its summary judgment motion which was undisputed, obviating the necessity of a trial on the tort claim. That matter will be addressed in a separate memorandum opinion after the defendant has had an opportunity to respond.

owners for harassment and the like.'" *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove*, 2007 WL 988054, * 2 (E.D. Cal. March 30, 2007) (citations omitted). "The statute does not define what exceptional circumstances are, nor does it provide specific guidance to a court as to what standard to employ in determining a fee award." *Vital Pharmaceuticals, Inc. v. American Body Building Products*, *LLC*, 510 F. Supp. 2d 1043, 1044-45 (S.D. Fla. 2007). In *Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.*, the Eleventh Circuit held that an attorneys' fee award "is at the discretion of the lower court, and should be made only in exceptional circumstances and on evidence of fraud or bad faith." 675 F.2d 1160, 1169 (11th Cir. 1982), *citing John R. Thompson v. Holloway*, 366 F.2d 108, 116 (5th Cir. 1966); *Salton, Inc. v. Cornwall*, 477 F. Supp. 975, 992 (D.N.J. 1979). Although other circuits apply a different standard,[3] a panel of the Eleventh Circuit has called *Safeway* into question,[4] and at least one

---

[3] *See Door Sys., Inc. v. Pro-Line Door Sys., Inc.*, 126 F.3d 1028, 1032 (7th Cir. 1997) ("between good faith as a safe harbor and deliberateness as an automatic basis for awarding fees is the category of oppressive suits, fairly described as exceptional, in which the case for an award of fees to the defendant is compelling"); *Scotch Whisky Ass'n v. Majestic Distilling Co., Inc.*, 958 F.2d 594, 599 (4th Cir. 1992) (collecting cases). *See also Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 144 (4th Cir. 2000) ("something less than bad faith"); *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 123 (8th Cir. 1987) ("the absence of bad faith is not alone determinative of the Lanham Act fee issue"); *Boney, Inc. v. Boney Serv., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997) (exceptional circumstances other than bad faith can justify shifting fees in favor of the prevailing defendant); *Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1147 (10th Cir. 2000) ("the statute suggests two considerations for prevailing defendants who seek attorney fees. One, an objective consideration, is whether the suit was 'unfounded.' . . . . The other, a subjective consideration, is whether the suit was brought by the trademark owner 'for harassment and the like.' . . . . The legislative history further advises that an award of attorney fees to a prevailing party is authorized where 'justified by equitable considerations.'. . .) (citations and footnote omitted)).

[4] In *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305 (11th Cir. 2001), the court stated

> While some circuits require an unqualified showing of bad faith, irrespective of which party prevails, other circuits have allowed prevailing defendants to recover Lanham Act fees upon a showing of "something less than bad faith." We believe that under *Safeway*, the correct standard in the Eleventh Circuit is fraud or bad faith. However, given the district court's express findings, LRP's claim would fail, even under the more lenient standard. We therefore leave the determination as to the continued validity of *Safeway* to another case.

*Lipscher*, 266 F.3d at 1320 (internal citations omitted).

lower court in this Circuit questions the application of *Safeway*,[5] it remains the law of the Circuit.

Regardless of the standard applied, the court finds that the plaintiff is entitled to recover attorney's fees in this matter under § 1117(a) for a number of reasons. First, the defendant pursued his counterclaims without the requisite factual support. He did not obtain a federal trademark at any time prior to advancing the Lanham Act claims. He failed to marshal the necessary evidence to support his claims that the plaintiff infringed on a common law trademark right that he possessed or that the plaintiff engaged in unfair competition. (See Doc. 80 at pp. 20-26). There was such a failure of proof as to the elements of a *prima facie* case that the court finds fees and costs are due to be assessed against the defendant.[6] Specifically, the defendant failed to show the necessary "prior rights to the mark at issue." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001). He failed to show the requisite "prior use," (doc. 80 at p. 22) and the "likelihood of confusion" (*id*. at pp. 26-29).

Second, the court notes that the evidence adduced on the motion for summary judgment also showed that the plaintiff sent letters to the plaintiff's franchisees where he made unsubstantiated statements such as "The Barkery has a history of trademark infringement issues.

---

[5]In *Vital*, the court stated:

the Fifth Circuit's opinion in *John R. Thompson*[, upon which *Safeway* is premised,] came before the enactment of § 1117(a), and stated only that "We find no evidence in the record and no such exceptional circumstances as would justify defendants recovering their attorney's fees from the plaintiff." *John R. Thompson*, 366 F.2d at 116. The court did not define what exceptional circumstances were, nor did it specifically refer to "fraud" or "bad faith." *See Id*. It appears that the court was simply describing the well-known exception to the American Rule, where a court may award fees to a bad faith or vexatious litigant. *John R. Thompson*, therefore, does not seem to stand for the proposition that fraud or bad faith is required for a finding of exceptional circumstances.

*Vital*, 510 F. Supp. 2d at 1045.

[6]To the extent that the defendant argues that he "reasonably believed that [he] had common law trademark rights and that [his] intellectual property was infringed," the court disagrees. (Doc. 85 at p. 2). This conclusory statement in the defendant's response is unsupported by the record and simply stating it does not make it so.

5

This time the ramifications of the Barkery's actions may be far more devastating to them and all their franchisees if I prevail in court," and "If I prevail at the upcoming trial, the Barkery along with its franchises will lose the right to use my . . . trademark altogether and will be forced to pay punitive damages and you will lose your investment and hard earned sweat equity for using my trademark." *Id*. at p. 15.

In sum, the court finds that the defendant acted in a malicious, fraudulent, deliberate, and willful manner in advancing these counterclaims as is required under *Safeway* for relief.[7] Accordingly, the plaintiff is entitled to recover an appropriate amount of attorney's fees and costs.[8] The only issue that remains is the determination of said fees and costs. Those matters will be addressed at a subsequent hearing which will be set by separate order.

## Domain Name

The final issue concerns the defendant's ownership of the domain name "JUSTDOGS.COM ". The plaintiff requests that the court order the name be transferred in execution of any judgment. (Doc. 83 at p. 2). In support of this contention, the plaintiff relies principally on the case of *Georgia Power Co. v. Sec. Inv. Props., Inc.*, 559 F.2d 1321 (5th Cir. 1977). The court finds *Georgia Power* to be distinguishable. The court further finds that the domain name is property that would be available to satisfy a judgment in this case. *See* ALA. CODE § 6-6-370 ("money" or "effects" of a defendant are subject to garnishment); *see also Office Depot, Inc. v. Zuccarini*, 2007 WL 2688460, * 3 (N.D. Cal. Sept. 10, 2007) (domain names as

---

[7]In view of the court's determination of the § 1117(a) issue, the court pretermits discussion of purported Rule 11 issues.

[8]Although § 1117(a) only addresses attorney's fees concerning a prevailing party, FEDERAL RULE OF CIVIL PROCEDURE 54(d) addresses costs.

"intangible property" are subject to levy under a writ of execution).

At this juncture, the court finds that a writ of execution concerning the domain name is premature due to the absence of a final judgment. The court is also concerned that it may not have the authority to issue such a writ when there is no indication that the registry or the registrar is located within this jurisdiction.[9] *See Zuccarini*, 2007 WL 2688460.

## CONCLUSION

Premised on the foregoing, the plaintiff's motion is due to be denied in part and granted in part. To the extent it seeks to waive a jury trial, it is due to be denied because of the defendant's concomitant right to have the damages determined by a jury. To the extent the motion seeks attorney's fees pursuant to § 1117(a), the motion is granted subject to a hearing to determine the amount of the fees.[10] To the extent the motion seeks the present transfer of the domain name, it is due to be denied as being premature.

**DATED**, this the 12th day of December, 2007.

_____
**JOHN E. OTT**
United States Magistrate Judge

---

[9] The court does recognize that it has the authority to enjoin the defendant from using, transferring, selling, or otherwise negatively impacting the domain name.

[10] Costs may be requested pursuant to the usual bill of costs filed pursuant to FEDERAL RULE OF CIVIL PROCEDURE 54.