# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JUST DOGS! BARKERY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:05-cv-01327-JEO |
| | ) |
| RICHARD PARKER d/b/a | ) |
| WWW.JUSTDOGS.COM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is again before the court on the plaintiff's notification to the court and counsel for the defendant of its intent to forgo a jury trial on the damages related to the tortious interference claim provided the court enters a judgment concerning the same in the amount of $73,125.00.[1] (Doc. 89). This notice was premised, in part, on the fact that the court has already found that the plaintiff has sustained damages[2] as a result of the defendant's conduct.[3] (See Doc. 80 at pp. 16-18). The court has afforded the defendant an opportunity to respond to the plaintiff's notice. He has filed a motion in opposition to the entry of a judgment on the claimed amount. (Doc. 88).

## DISCUSSION

The procedural history of this case has been detailed at least twice before. (See Doc. 80

---

[1] The plaintiff's counsel first notified the court during the December 11, 2007, telephone status conference call of this latest notice.

[2] The plaintiff offered the affidavits of Dave Bernarducci and Colleen Starnadori providing that the plaintiff lost at least $73,125.00 in franchise fees as a result of the defendant's actions. (Doc. 69 at Ex. D & G). The defendant challenged the use of these affidavits in a motion to strike which was denied by the court. (See Doc. 80 at pp. 12-13).

[3] It is clear to the undersigned that the plaintiff is making every effort to protect its rights associated with its business interest while recognizing that any judgment may not be satisfied due to the defendant's financial condition.

and 86). For the sake of brevity, the only issue at this juncture is whether the court can enter a final judgment as to damages on the tortious interference claim in the amount of $73,125.00, which is evidenced in the summary judgment materials. The court finds that the answer to that issue is no.

In an attempt to bring this litigation to a conclusion, the plaintiff has notified the court and counsel for the defendant that it will forgo any additional sums in excess of the already demonstrated amount should the court enter a final judgment for that sum. The defendant opposes that notice and insists on his right to a jury trial. Specifically, the defendant asserts that (1) because the plaintiff's initial waiver did not contain any request for damages, the court should enter a judgment including "0" damages (doc. 88 at pp. 1-2), (2) the plaintiff has offered "no evidence other than undocumented and unsubstantiated affidavit statements regarding the harm" (*id*. a pp. 3-8), and (3) there are material facts in dispute regarding the amount and causation of any damages (*id*. at pp. 8-9).

The plaintiff is correct that the court stated in the Memorandum Opinion granting summary judgment on the tortious interference claim that "the plaintiff has clearly demonstrated the element of damages as a matter of law. The defendant has offered nothing to rebut the same." (Doc. 80 at p. 18). The present matter concerns the significance of that finding.

The court now holds that the quoted language demonstrates the plaintiff's entitlement to summary judgment on the interference claim. It does not mean that the plaintiff is necessarily entitled to the sum of $73,125.00. If that were the case, there would be no need for a jury trial. It simply means that the court has found, and does find, that the plaintiff has introduced sufficient evidence of damages to go forward and to overcome the defendant's motion for summary

judgment. It also does not mean that the defendant cannot challenge the credibility of the evidence and the amount due and owing at a trial. The defendant is correct that there is a factual dispute concerning the amount of damages due and owing on the tortious interference claim.[4] Accordingly, a jury trial for resolution of that matter is necessary.

## CONCLUSION

Premised on the foregoing, the court finds that absent some agreement or stipulation of the parties as to the amount of damages, this case remains set for trial on Tuesday, December 18, 2007, at 9:00 a.m., at the Hugo L. Black Federal Courthouse in Birmingham, Alabama. The attorney's fee issue is set for a hearing on Monday, December 17, 2007, at 4:00 p.m., in Courtroom 3. Accordingly, the defendant's motion in opposition to entry of a judgment (doc. 88) to the extent it requests that the court enter a "0" judgment on the tortious interference claim is due to be denied. To the extent it seeks a jury trial on the claim, it is due to be granted.

Any requested jury charges are due to the court by Monday, December 17, 2007, at noon.

**DATED**, this the 14th day of December, 2007.

*/s/ John E. Ott*
**JOHN E. OTT**
United States Magistrate Judge

---

[4]The defendant's most recent filing (doc. 88) clearly demonstrates that.