FILED
 2007 Dec-20  PM 01:14
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUST DOGS! BARKERY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:05-cv-01327-JEO |
| | ) |
| RICHARD PARKER d/b/a | ) |
| WWW.JUSTDOGS.COM, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

The final matter before the court is the plaintiff's motion for attorneys' fees. The court previously has determined that this case qualifies as an exceptional case, warranting an award of attorneys' fees.

### DISCUSSION

The present question is the appropriate attorneys' fees to be assessed under the circumstances. The plaintiff has offered the affidavit of Robert Baugh and the itemized time sheets of its counsel in support of the motion. (Doc. 83-2). The defendant has offered no evidence or testimony in opposition to the motion.

As previously noted by the court, the Eleventh Circuit Court of Appeals in *Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.*, held that an attorneys' fee award "is at the discretion of the lower court, and should be made only in exceptional circumstances and on evidence of fraud or bad faith." 675 F.2d 1160, 1169 (11th Cir. 1982), *citing John R. Thompson v. Holloway*, 366 F.2d 108, 116 (5th Cir. 1966); *Salton, Inc. v. Cornwall*, 477 F. Supp. 975, 992 (D.N.J. 1979). In this instance, the initial question is when to begin assessing the fees to the

defendant. The plaintiff asserts it was a prevailing party "when the Court entered summary judgment in its favor, finding that Just Dogs has not engaged in any activity that can be considered an infringement on any trademark rights of the [d]efendant. Moreover, Just Dogs is a prevailing defendant on each of the claims asserted in the [d]efendant's counterclaim." (Doc. 84 at p. 4). The defendant asserted at the hearing on the motion that if the court finds any fee is appropriate, it should simply be about ten percent of the requested amount.[1]

This court has examined, among other things, the time sheets submitted by the plaintiff with counsel's affidavit and the court's earlier Memorandum Opinion on the merits of the substantive claims. (Doc. 80). In doing so, the court finds that this action was necessitated by the defendant's filing of the opposition to its trademark application and his publication of the initial "cease and desist letters." (See Doc. 83-2, Ex. 1 at p. 8).[2] However, this alone does not demonstrate that this is an exceptional case warranting an award of fees. Likewise, the simple act of filing the counterclaim does not demonstrate an exceptional case.

Instead, the foregoing events must be placed in the context of the court's earlier findings that the defendant did not have a federal trademark at any time, did not show any "prior rights to the mark at issue," and failed to show the "prior use" and "likelihood of confusion" that are required to state a claim. (Doc. 86 at p. 5) (citations omitted). Still further, the defendant's unsubstantiated letter to the franchisees must also be factored in to the court's consideration. When the totality of the facts and circumstances are examined, it is clear that the defendant's conduct is what precipitated the plaintiff's attorneys' fees in this case from the outset of the

---

[1] The defendant's conclusory assertion is unsupported by any facts, evidence, or specific argument in the record.

[2] Page references in this document are to the electronic numbers assigned by the Clerk of the Court and found at the top of the document.

litigation. As previously found, those actions were undergirded in bad faith.

Under the court's findings, the plaintiff is entitled to recover the fees associated with this action from the outset and not just in the defense of the counterclaim. This is true for a number of reasons. First, the plaintiff is a prevailing party plaintiff in an action that was necessitated by the defendant's unfounded initial opposition to the plaintiff's trademark application. Second, the fees articulated in the itemized time sheets are all interrelated to the defense of the Lanham Act counterclaims. Third, the defendant has offered nothing to substantively challenge the plaintiff's entitlement to recover the attorneys' fees in this circumstance. Fourth, the fees are reasonable considering the complexity of the claims. They are well within the 2007 Report of the Economic Survey of the American Intellectual Property Law Association for such cases. (Doc. 83-4). They are also reasonable in light of fees charged in this District in similarly complex cases. (See *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1182 (N.D. Cal. 2004), citing *Venegas v. Mitchell*, 495 U.S. 82, 86, 110 S. Ct. 1679, 109 L. Ed. 2d 74 (1990); *Blanchard v. Bergeron*, 489 U.S. 87, 91, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989) (A reasonable attorney's fee is the number of hours and the hourly rate that would be billed by "reasonably competent counsel.")).

The defendant has offered nothing demonstrating that the fee amounts for the individuals involved in the preparation and presentation of this case were anything but reasonable. Similarly, the defendant has offered nothing to demonstrate that the hours asserted by counsel in the preparation and presentation of this action were unreasonable.

## CONCLUSION

Premised on the foregoing, the court approves the plaintiff's motion for attorneys' fees (doc. 83) in the amount of One Hundred Ninety-Eight Thousand, One Hundred Forty-Five and

69/100 Dollars ($198,145.69). A final order and judgment in accordance with this Memorandum Opinion will be entered.

 **DATED**, this the 20th day of December, 2007.

              _/s/ John E. Ott_
               **JOHN E. OTT**
               United States Magistrate Judge